John J. Lee (JL-3577)
Carmine J. Castellano (CC-8484)
BAINTON MCCARTHY LLC
Attorneys for Plaintiff
Gilead Sciences, Inc.
26 Broadway, Suite 2400
New York, New York 10004
Tel: (212) 480-3500
Fax: (212) 480-9557



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GILEAD SCIENCES, INC.,

         Plaintiff,

 - against -

ABRAHAM T. MORRISON,

         Defendant.
-------------------------------------------------------------X

08-CV-0566 (DLC) (GWG)

**AMENDED COMPLAINT**

    Plaintiff Gilead Sciences, Inc., by its attorneys Bainton McCarthy LLC, for its amended complaint against Defendant Abraham T. Morrison, states and alleges as follows:

### The Parties

    1.  Gilead Sciences, Inc., is a Delaware corporation with its principal place of business at 333 Lakeside Drive, Foster City, California 94404.

    2.  Abraham T. Morrison is an individual who, upon information and belief, resides at 484 West 43rd Street, New York, New York 10036.

### Jurisdiction and Venue

    3.  This is a civil action against an individual to recover the amount of $307,149.06 that was mistakenly paid to Mr. Morrison and that he has wrongfully refused to return.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1332.

5. Upon information and belief, this Court has personal jurisdiction over Mr. Morrison because he resides within the State of New York.

6. Venue in this District is founded on 28 U.S.C. § 1391(a).

**Factual Background**

7. On December 6, 2005, Gilead mistakenly issued check number 137614 (the "Check") in the amount of $307,149.06 to Mr. Morrison (the "Funds").

8. On January 4, 2006, Mr. Morrison cashed the Check even though he knew or should have known that Gilead sent the Check to him by mistake and that he was not entitled to the Funds. Attached hereto as Exhibit "1" is a copy of the Check, which bears Mr. Morrison's endorsement.

9. Gilead issued the Check to Mr. Morrison as a result of a clerical error.

10. Gilead intended to issue the Check to pay an outstanding amount owed to another entity.

11. After an internal audit, Gilead discovered that the Check was mistakenly issued to Mr. Morrison.

12. By letter dated October 11, 2007, Gilead demanded that Mr. Morrison return the Funds. Attached hereto as Exhibit "2" is a copy of Gilead's letter to Mr. Morrison, dated October 11, 2007.

13. On October 12, 2007, Andy Rittenberg of Gilead spoke with Mr. Morrison and again demanded that Mr. Morrison return the Funds. Mr. Morrison acknowledged that he received the Funds, and that the payment was a mistake.

14. To date, Mr. Morrison has not returned the Funds to Gilead despite Gilead's demands and his acknowledgement of his obligation to do so.

### FIRST CLAIM FOR RELIEF
### (Conversion)

15. Gilead repeats and realleges each and every allegation contained in paragraphs 1 through 14 above as if fully set forth herein.

16. Gilead is the rightful owner of the Check and the Funds.

17. Although Gilead mistakenly issued the Check to Mr. Morrison, Mr. Morrison was not authorized by Gilead to exercise control over the Check and the Funds.

18. Mr. Morrison's unauthorized exercise of control over the Check and the Funds interferes with Gilead's rights as the rightful owner.

19. Despite Gilead's demands for return of the Funds, Mr. Morrison has refused to do so.

20. By reason of the foregoing, Mr. Morrison is obligated to return the Funds and his refusal to do so constitutes conversion in violation of the common law of the State of New York.

### SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

21. Gilead repeats and realleges each and every allegation contained in paragraphs 1 through 14 and 16 through 20 above as if fully set forth herein.

22. Gilead has conferred benefit upon Mr. Morrison by mistakenly issuing the Check to him.

23.     To date, Gilead has received no benefit from Mr. Morrison for issuing the Check to him.

24.     By reason of the foregoing, Mr. Morrison has been unjustly enriched in the amount of $307,149.06 in violation of the common law of the State of New York.

WHEREFORE Plaintiff Gilead Sciences, Inc., demands that this Court enter judgment in its favor and against Defendant Abraham T. Morrison for the sum of $307,149.06, plus interest.

Dated:  New York, New York
        January 30, 2008

BAINTON MCCARTHY LLC

By: _____
    John J. Lee (JL-3577)
    Carmine J. Castellano (CC-8484)

*Attorneys for Plaintiff*
Gilead Sciences, Inc.
26 Broadway, Suite 2400
New York, NY 10004-1840
Tel: (212) 480-3500
Fax: (212) 480-9557

4

# **EXHIBIT 1**



# **EXHIBIT 2**

Case 1:08-cv-00566-DLC   Document 3-2   Filed 01/30/2008   Page 3 of 5





October 11, 2007

**SENT VIA FEDERAL EXPRESS**

Abraham Morrison
484 W. 43rd Street, No. 16T
New York, NY 10036

    Re:    **Demand for Payment of $307,149.06 (GS-608)**

Dear Mr. Morrison:

    I am an attorney for Gilead Sciences, Inc. I am writing to demand that you return $307,149.06 that Gilead mistakenly paid you.

    On December 6, 2005, Gilead mistakenly issued check number 137614 for $307,149.06 payable to Abraham Morrison. Even though you were not entitled to a payment of any kind from Gilead and it was obvious to you that this payment was a mistake, you cashed the check on January 4, 2006 without contacting us. I am attaching a copy of the negotiated check, which bears your endorsement.

    The law does not permit you to keep money that does not belong to you simply because Gilead sent it to you by mistake. If you do not return these funds, we will consider your refusal to constitute conversion of Gilead's property under both New York and California law. *See Messerall v. Fulwider*, 199 Cal. App. 3d 1324, 1329 (1988); *Hoffman v. Unterberg*, 780 N.Y.S.2d 617, 619 (N.Y. App. Div. 2004); Rest. (Second) of Torts, §222A, comment c. Your failure to make restitution also would give rise to a claim for unjust enrichment. *Enterprise Leasing Corp. v. Shugart Corp.*, 231 Cal. App. 3d 737, 748 (1991); *Nakamura v. Fujii*, 677 N.Y.S.2d 113, 116 (N.Y. App. Div. 1998). Finally, Internal Revenue Service regulations will require Gilead to report this payment to you on Form 1099 as income.

    Accordingly, within 10 days, please send a full and complete refund with a copy of this letter to the attention of Ms. Sharon Warmboe; A/P Manager; Gilead Sciences, Inc.; 333 Lakeside Drive; Foster City, CA 94404. Should you have any questions or wish to discuss the possibility of a repayment plan, you may contact me directly at (650) 522-1783.



Until we receive full reimbursement from you, Gilead reserves all rights and remedies.

Sincerely,

*[signature: Andy Rittenberg]*

Andy Rittenberg
Corporate Counsel

Enclosure