UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x------------------------------------------------x
GILEAD SCIENCES, INC.,

                Plaintiff,

-against-

ABRAHAM T. MORRISON,

                Defendant.
x------------------------------------------------x

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Case No. 08-CV-0566 (DLC)(GWG)

      Defendant, Abraham T. Morrison, by his attorney, Paul E. Kerson, Esq., of the law offices of Leavitt, Kerson & Duane, as and for his Answer, Affirmative Defenses and Counterclaims, states as follows:

## ANSWER

      1. Defendant denies information sufficient to form a belief as to the truth of paragraphs 1, 10 and 11 of the Amended Complaint.

      2. Defendant admits paragraphs 2, 4, 5, 6, 12 and 19 of the Amended Complaint.

      3. Defendant denies paragraphs 3, 7, 8, 9, 13, 14, 16, 17, 18, 20, 22, 23 and 24 of the Amended Complaint.

      4. In paragraphs 15 and 21, plaintiff repeats and realleges certain allegations. For his answers to these allegations, defendant respectfully refers the Court to his Answers above.

## AFFIRMATIVE DEFENSES

      5. Defendant was employed by plaintiff as a participant in a medical experiment known as a clinical trial of a certain non-approved drug. Defendant was so employed by plaintiff two to three times per week for two years in 1994 through 1995.

6. Defendant was employed by plaintiff at plaintiff's New York location at the Mt. Sinai Hospital in New York, NY.

7. Defendant's employment with plaintiff was terminated by plaintiff's supervising physician, Dr. Tony Chueng at the Mt. Sinai Hospital in New York, NY.

8. When Dr. Chueng discharged defendant from employment with plaintiff, Dr. Chueng informed defendant that his employment with plaintiff specifically damaged defendant's kidneys, because the aforesaid experimental drug was defective.

9. Defendant is HIV positive and suffers from life-threatening colorectal cancer. Defendant is currently confined to the Memorial Sloan-Kettering Hospital in New York, NY due to serious medical complications, caused in part by the kidney damage defendant suffered exclusively due to his employment with the plaintiff.

10. Defendant was promised compensation by plaintiff, but no compensation was delivered until on or about December 8, 2005 when defendant received a check for $307,149.06 from plaintiff.

11. On or about October 11, 2007, defendant received a letter from plaintiff demanding return of this money. Soon thereafter, defendant had a telephone conference with Andy Rittenberg, an employee of plaintiff. Mr. Rittenberg demanded return of the aforesaid compensation. Defendant told Mr. Rittenberg that this was compensation for defendant's damaged kidneys. Mr. Rittenberg replied "isn't $300,000 for a kidney a little steep?" Defendant replied to Mr. Rittenberg "what are your kidneys worth?"

12. Thereafter, defendant received the instant Summons and Complaint.

**AS AND FOR A FIRST COUNTERCLAIM
-BREACH OF EMPLOYMENT CONTRACT**

13. Defendant repeats, realleges and reiterates paragraphs 1-12 as if more fully set forth herein.

14. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1367.

15. On or about 1994, plaintiff and defendant entered into a certain agreement, wherein and whereby plaintiff employed the defendant.

16. Plaintiff breached that agreement on and after October 11, 2007, when plaintiff wrongfully formally demanded return of its payment to defendant of $307,149.06 for services rendered. Because defendant received plaintiff's demand letter on or after October 11, 2007, the date October 11, 2007 is the proper date for calculating the commencement date of any applicable Statute of Limitations herein.

17. Defendant correctly refused to return the $307,149.06 that plaintiff carefully calculated was due to defendant for his two years of work for plaintiff in testing plaintiff's experimental drug on defendant's own body, wherein defendant suffered severe kidney damage solely and exclusively because of his work for plaintiff.

18. Because of the foregoing, defendant has been damaged in the sum of $307,149.06, which has been duly paid by the plaintiff to the defendant, but plaintiff is now wrongfully demanding return of said monies in its Amended Complaint herein.

## AS AND FOR A SECOND COUNTERCLAIM
## -MEDICAL MALPRACTICE

19. Defendant repeats, realleges and reiterates paragraphs 1-18 as if more fully set forth herein.

20. Upon information and belief and at all times hereinafter mentioned, Dr. Tony Chueng of the Mt. Sinai Hospital in New York, NY, was employed by the plaintiff as a physician and surgeon duly licensed to practice medicine in the State of New York, as a director of plaintiff's clinical trial for the study of a certain experimental drug belonging to plaintiff.

21. On or about 1994 through 1995, plaintiff employed Dr. Tony Chueng and other physicians to conduct experimental drug therapy upon the defendant.

22. On or about 1994 and for sometime thereafter, the plaintiff hired Dr. Tony Chueng and numerous other physicians for a good and valuable consideration, and the plaintiff further hired the defendant for a good and valuable consideration of $307,149.06 to submit himself to the professional care and treatment of plaintiff's physicians including but not limited to Dr. Tony Chueng of the Mt. Sinai Hospital.

23. Thereafter, and in and during 1994 and 1995, the plaintiff and the plaintiff's physicians undertook and endeavored to perform, and did perform certain drug treatments upon the person of the defendant and undertook and endeavored to treat and advise the defendant professionally prior to and subsequent to the performance of those drug treatments.

24. That the drug treatments and procedures and the advice and treatment were given and rendered in an improper, negligent and careless manner in that the plaintiff and its physicians, including but not limited to Dr. Tony Chueng, failed to employ the skill, care and diligence commonly and ordinarily possessed by and required of physicians and surgeons on the locality

where the plaintiff and its physicians practice, in that plaintiff and its physicians failed to properly advise and instruct the defendant concerning the poisonous experimental drug treatment that he was receiving in 1994 and 1995 thereafter, and that the plaintiff and its physicians were otherwise careless and negligent in the circumstances by failing to employ reasonable and proper steps, procedures, and practices for the health, welfare and the safety of the defendant and to avoid injury to him.

25. By reason of the foregoing, this defendant was rendered sick, sore, lame and disabled and upon information and belief, was permanently injured and so remains, was compelled to remain away from his usual duties and vocation, and was compelled to incur diverse obligations and in the future will be further compelled to incur diverse obligations in an effort to heal and cure himself of all of his injuries, all to his damage.

26. The damages and injuries to the defendant were caused by reason of the carelessness and negligence of the plaintiff and its physicians, to wit, substantially damaged kidneys of the defendant.

27. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, defendant demands judgment against plaintiff:

1. Dismissing the Complaint and the Amended Complaint in their entirety, and

2. For a judgment confirming that the $307,149.06 already paid to defendant by plaintiff was a just and proper payment for services rendered by defendant to plaintiff as plaintiff's employee, payable in connection with the First Counterclaim, and

3. On the Second Counterclaim, in an amount to be determined upon the trial of this action, for an amount in excess of the jurisdictional limits of all lower courts which would otherwise exercise jurisdiction, and

4. For the costs, interest, disbursements and attorneys' fees in this action.

Dated: February 21, 2008
New York, NY

s/ Paul E. Kerson
PAUL E. KERSON
Leavitt, Kerson & Duane
Attorneys for Defendant
99 Park Ave., Suite 800
New York, NY 10016
(212) 973-9339

**VERIFICATION**

STATE OF NEW YORK    )

COUNTY OF NEW YORK   ) ss.:

     ABRAHAM T. MORRISON, being duly sworn, states that he is the Defendant in this action and that the foregoing Answer, Affirmative Defenses and Counterclaims, is true to his own knowledge, except those matters therein stated to be alleged on information and belief, and as to those matters he believes it to be true.

                                                     s/Abraham T. Morrison
                                                   ABRAHAM T. MORRISON

Sworn to before me this 22 day
of February, 2008.

s/Paul E. Kerson
  Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x------------------------------------------------x
GILEAD SCIENCES, INC.,

                Plaintiff,

        -against-

ABRAHAM T. MORRISON,

                Defendant.
x------------------------------------------------x

**CERTIFICATE OF MERIT**

Case No. 08-CV-0566 (DLC)(GWG)

    I, Paul E. Kerson, Esq., attorney for the defendant, Abraham T. Morrison, do hereby certify that I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in the State of New York and who I reasonably believe is knowledgeable in the relevant issues involved in this particular action and that I have concluded on the basis of that review and consultation, that there is a reasonable basis for the filing of the Second Counterclaim herein.

Dated: February 21, 2008
       New York, NY

s/Paul E. Kerson
PAUL E. KERSON
Leavitt, Kerson & Duane
Attorneys for Defendant
99 Park Ave., Suite 800
New York, NY 10016
(212) 973-9339

8

STATE OF NEW YORK, COUNTY OF QUEENS                                                ss.:

STACEY SHOWALTER,          being duly sworn says: I am not a party to the action, am over 18 years of age and reside at Queens County.

On February 25, 2008, I served a true copy of the annexed ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS in the following manner:

☐ **Service By Mail**  By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ **Personal Service on Individual**  By delivering the same personally to the persons and at the addresses indicated below:

☐ **Service by Electronic Means**  By transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ **Overnight Delivery Service**  By depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

> John J. Lee, Esq.
> Carmine J. Castellano, Esq.
> Bainton McCarthy LLC
> Attorneys for Plaintiff
> 26 Broadway, Suite 2400
> New York, NY 10004-1840
> Via Fax 212-480-9557

Sworn to before me on February 25, 2008

  s/Paul E. Kerson
   Notary Public                                        s/Stacey Showalter
                                                        Stacey Showalter

Case No. 08-CV-0566 (DLC)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILEAD SCIENCES, INC.,

                              Plaintiff,

                    -against-

ABRAHAM T. MORRISON,

                          Defendant.

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

**LEAVITT, KERSON & DUANE**
Attorneys for Defendant
99 Park Ave., Suite 800
New York, NY  10016
(212) 973-9339
Fax (212) 973-9494

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certified that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: ......................................      Signature:......................................................................

                                          Print Signer's Name................................................

*Service of a copy of the within*                                          *is hereby admitted.*

Dated:                               ............................................................................
                                                 Attorney(s) for

PLEASE TAKE NOTICE

☐   **Notice of Entry**      that the within is a (certified) true copy of a entered in the office of the clerk of the within Court on

☐   **Notice of Settlement**      that an Order of which the within is a true copy will be presented for settlement to the Hon.       one of the Judges       of the within named Court, at       on      , 2008 at  9:30       a.m.

Dated*:*                                      **LEAVITT, KERSON & DUANE**
                                            Attorneys for

                                            99 Park Ave.
                                            Suite 800
                                            New York, NY  10016
                                            (212) 973-9339

Case 1:08-cv-00566-DLC    Document 5    Filed 02/25/2008    Page 11 of 11