```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
GILEAD SCIENCES, INC.,                     :
                            Plaintiff,     :
                                           :    08 Civ. 566 (DLC)
            -v-                            :
                                           :          ORDER
ABRAHAM T. MORRISON,                       :
                            Defendant.     :
                                           :
------------------------------------------X

DENISE COTE, District Judge:

    At the initial pretrial conference on May 8, 2008, the parties were given the opportunity to set a firm trial date. They requested a firm trial date, and the Court therefore ordered that the trial begin on December 8, and that the pretrial order be due on November 14, 2008. Of additional importance to this Order, the schedule also required that the defendant's disclosure of expert testimony conforming to the requirements of Rule 26(a)(2)(B) be served by July 25. This schedule was memorialized in an Order of May 13, 2008.

    On July 23, the defendant requested that the July 25 date for him to provide expert testimony be changed to August 22. The Court endorsed the request by reminding the parties that the November 14 and December 8 dates for the pretrial order and trial would not be extended, but allowing them to adjust intervening discovery dates on consent. The plaintiff did not

consent to an extension of the July 25 date unless all other dates, including the trial date, were adjusted.

On July 29, the defendant served notice of three experts he intended to call at trial, and advised the plaintiff that he did not have expert reports from them. By letter dated July 30, plaintiff requested that the July 29 disclosure be stricken as untimely and deficient. On July 31, defense counsel explained in a letter that it was "very much aware" of the discovery deadlines and the need to comply with them in a timely fashion, but that it was unable to provide expert reports since the defendant was in Mexico for medical treatment, and while it was making arrangements for the defendant to execute HIPPA compliant authorizations for his medical records, it was unable to obtain expert reports without those authorizations.

Rule 16 (b)(4), Fed. R. Civ. P., allows a schedule to be modified "for good cause." Good cause "depends on the diligence" of the party. Growchowski v. Pheonix Const., 318 F.3d 80, 86 (2d Cir. 2003). The defendant has not made, nor attempted to make, a showing of diligence. It has known since May 8 that expert reports were due on July 25. To the extent that the defendant needed medical record authorizations to obtain such reports, it has had over two months to obtain those authorizations and has provided no description of the efforts taken since May 8 to obtain them. Since the parties chose to

2

have a firm trial date, they were entitled to rely on the Court's enforcement of the agreed-upon schedule and were required to act with sufficient diligence to adhere to the schedule. Accordingly, it is hereby

ORDERED that the plaintiff's request that the defendant's July 29 disclosure of expert testimony be stricken is granted.

SO ORDERED:

Dated:   New York, New York
         August 5, 2008

                                                  DENISE COTE
                               United States District Judge